**Chandler E. LITTLEFIELD**

v.

**STATE of Maine and Allan L. Robbins.**

Supreme Judicial Court of Maine.

Nov. 12, 1970.

■

Chandler E. Littlefield, pro se.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, MARDEN, WEATHERBEE, POMEROY and WERNICK, JJ.

MARDEN, Justice.

On appeal from denial of post-conviction relief.

Petitioner prepared and filed pro se on or about May 21, 1969 a petition for post-conviction relief, upon which indigency was established and counsel appointed. The matter was assigned for hearing on December 19, 1969 upon which date counsel, with permission, filed a substituted petition and petitioner filed, with permission, a four page handwritten statement of aggrievance which was accepted as an amendment to his subsisting petition.

The petition as so amended alleges:

(a) Incompetence and ineffective assistance of counsel.

(b) Entry of a plea of guilty upon advice of counsel without fully understanding the charge against him.

(c) Sentence under . the wrong statute.

(d) Lack of jurisdiction of the Superior Court.

(e) Insufficiency of the indictment.

(f) Imposition of sentence without petitioner's knowledge of the statutory provisions for the same.

(g) Denial of preliminary hearing.

(h) No advice as to his constitutional rights.

(i) Coercion in his plea of guilty by reason of other charges then pending.

(j) Not advised of his right to appeal from the conviction.

(k) Deprivation of private consultation with counsel, and

(l) Errors of fact not of record which, if known, would have prevented petitioner's conviction.

Relief was denied by Decree dated February 27, 1970.

Petitioner by letter seasonably expressed exception to the Decree, which letter was accepted as Notice of Appeal.

Time for perfecting the appeal was extended by stipulation to July 15, 1970.

By motion dated August 19, 1970 counsel requested enlargement of time to perfect the appeal, supported by affidavit, in which it was alleged that petitioner had refused to permit counsel to visit him and had advised counsel that he (petitioner) wished to proceed prò se. Upon this motion, time was extended for perfection of the appeal to November 1, 1970.

Meantime, petitioner pro se had filed the required copies of his brief with the Clerk of the Law Court, but no points of appeal or designation of contents of record had been declared.

New counsel was appointed to petitioner on September 9, 1970 to prosecute petitioner's appeal. The State on September 10, 1970 filed a waiver of the technical requirements of points of appeal and designation of contents of record. By letter dated September 11, 1970 petitioner asked that counsel be removed. His request was granted by order of September 14, 1970 and a copy of the record of the case and transcript of the evidence, at hearing, was sent to petitioner, upon which petitioner's reply brief was seasonably filed pro se, and the appeal was considered at the October Term of this Court.

A diligent examination of the record and transcript of the evidence confirms the finding of the single Justice, that petitioner's claims are without merit.

Appeal denied.